78 Ariz. 301 (1955)
279 P.2d 716
In the Matter of the Estate of Marian L. ROBINETTE, Deceased.
Mildred MITCHELL and Bruce Albert Robinette, Appellant-Contestants,
v.
Bertha LYALL and Dallas Lyall, Appellee-Proponents.
No. 5877.
Supreme Court of Arizona.
February 8, 1955.
Rehearing Denied March 8, 1955.
*302 Tenney & Yankee, Phoenix, for appellants.
Robert R. Weaver, Phoenix, for appellees.
PHELPS, Justice.
This is an appeal from an order of the Maricopa County Superior Court made on September 4, 1953, admitting the will of Marian L. Robinette, deceased, to probate.
The facts are that on October 29, 1952, just before decedent was taken to a hospital or rest home she executed her will devising all of her property to Bertha and Dallas Lyall under the following circumstances: The Lyalls were cousins of decedent. Bertha Lyall went to the respective homes of the attesting witnesses who lived in the neighborhood and requested them to come to decedent's residence and sign a paper. To one of them she said she wanted her to witness Mamie's signature, and to the other she said she wanted her to sign a paper. Neither of the witnesses knew the paper was a will at the time they signed it. While they were in decedent's home signing the will testator sat on a bed in the adjoining room dressing to go to the hospital. She was only six to eight feet distant from the table where the witnesses signed the will. The door was open and decedent could have seen them sign the document if she had looked in that direction. Neither witness knew whether she was looking at them or not when they affixed their signatures to the will. Nothing was said by decedent to them as to the nature of the instrument that they were signing nor did she personally request them to sign it. After they had both signed the will she came in and sat down at the same table and signed it.
Mildred Mitchell and Bruce Albert Robinette, niece and nephew respectively and heirs at law of decedent, contested the probate of the will. Several grounds were alleged in the contestants' opposition to the probate thereof but only one question is raised on appeal, i.e., that such will was not executed according to law, in that the attesting witnesses were not requested by the testatrix to witness said will and in the absence of a finding by the trial court that such request was made, said findings are insufficient to support its order admitting the will to probate.
Section 41-102, A.C.A. 1939, prescribes the essential elements in the execution of a valid will in this state. It reads as follows:
"Form and execution  Holographic.  Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator, or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two (2) or more credible witnesses, above the age of fourteen (14) years, subscribing their names thereto in the presence of the testator. When it is wholly written by the testator, *303 the attestation by subscribing witnesses is not necessary."
It will be observed that the statute does not provide that the subscribing witnesses shall be requested by the testator to sign such document as witnesses in order to make the attestation valid. Page on Wills, Vol. 1, 2d Ed., section 344, p. 551, makes the statement that:
"Even though the statute does not provide in express terms that testators must request the witness to sign as witness, it is generally held that the very idea of an attesting witness imports a request of some sort by the testator that the witness act in such capacity. * * *" (Citing cases in the footnote from Kentucky, Maryland, Minnesota, Missouri, North Carolina, Virginia and Wisconsin, apparently sustaining that view.)
and then he proceeds to say that:
"* * * In some states a contrary view has been taken and it has been said that a request is not necessary under a statute which merely provides that attesting witnesses shall subscribe." (Citing cases in the footnote from Alabama, Colorado, Massachusetts, Nebraska and Pennsylvania.)
The latter statement would seem to cover our situation.
There are many states in the Union which require that the will should be both published or declared and that the subscribing witnesses should be requested to sign the same in the presence of the testator at the time of its execution. There are still other states which require only that the witnesses should be requested by the testator to sign the will. All jurisdictions require that whatever the provisions of the statute may be they must be strictly observed. Annotation, 125 A.L.R. 414.
The proposition that the word "attest" which is derived from the Latin word "attestari", ad-to, plus testari-to bear witness, carries with it the implication that a request had been made to bear witness to the act of the testator may have some plausibility and we believe the weight of authority sustains this position. The courts say the request need not be express but that it may be inferred from the conduct of the testator. In the instant case the request was made by Bertha Lyall, a chief beneficiary under the will. The witnesses were not told that the document they were to sign was a will and one of the witnesses said if she had known it was a will she would not have signed it. But we do not feel justified in writing into the statute something which the legislature has deliberately left out of it. We believe that it might be well for the legislature to amend the above section by including therein that the testator should not only request the witness to attest his execution of said will but that he should then declare it to be his last will and testament.
*304 The judgment of the trial court is affirmed.
LA PRADE, C.J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.